Metcalf, J.
This is an action on the case, founded upon the Rev. Sts. c. 113, § 15, which provide that “ if any person shall rescue any beasts, lawfully distrained or impounded for any cause whatever, he shall be liable, in an action on the case, to be brought by any person injured, to pay all damages which such person shall have sustained thereby, and all the fees and charges that shall have been incurred before the rescue.”
The plaintiffs allege, in their declaration, that on the 15th of May, 1849, they were field-drivers of the town of Nantucket, duly chosen and sworn, and then and there, “ acting in their said office and by virtue of the same, had lawfully dis-trained a large flock of sheep, to wit, two thousand sheep, and had the same in custody; the same having been found going at large on the common and undivided lands of the island of Nantucket, and not under the care of a keeper; and while the plaintiffs did so have the same in custody and under distraint, the defendants did then and there, without the consent of the plaintiffs, unlawfully and injuriously, and with force and arms, rescue, take, and drive and carry away the same from the custody and possession of the plaintiffs.”
At the trial in the court of common pleas, before Hoar, J., after the plaintiffs had given evidence of the facts averred in their declaration, the defendants offered to prove that the place where the sheep were taken, and the place where they were rescued, were uninclosed lands, held in severalty; that, between the taking and the rescue, the sheep were continuously on said lands ; and that.the defendants were proprietors of said lands, and were owners of the sheep rescued. This evidence was *268 rejected, and the defendants were defaulted. The case now comes before this court upon exceptions to the rejection of the offered evidence. We are of opinion that the evidence was rightly rejected. It is provided in the Rev. Sts. c. 113, § 16, that the “ defendant, in any action brought for rescuing beasts distrained or impounded, shall not be allowed to allege or give in evidence the insufficiency of the fences, or any other fact or circumstance, to show that the distress or impounding was illegal; but if there is any such ground of objection to the proceeding, of which he is entitled to avail himself, he may have the advantage thereof, in an action of replevin.” This is a reenactment of St. 1784, c. 65, § 6, the words of which were these: “ The defendant shall not be permitted to give in evidence the insufficiency of the fence, if any such there be, or that the creatures, when taken, were under such circumstances as to render the impounding illegal, to prevent the party from recovering his full damages.”
We understand that the evidence, which was rejected, would, if admitted, have proved that the distraining of the sheep was illegal, according to the decision in Folger v. Field, 3 Cush. 336.
By the common law, the illegality of the impounding cannot be shown by the defendant in an action of pound-breach, or for rescuing beasts after they are impounded; though the illegality of the distress may be shown, by the owner of the beasts, in an action against him for rescuing them after they are distrained and before they are impounded. Gilb. on Distress, 53; 3 Bl. Com. 12. The legislature saw fit, however, in 1785, to repeal the common law, in this latter case, and to put rescuers of beasts from the pound, and rescuers of them from the possession of persons about to commit them to the pound, upon the same footing. Such was our law for fifty-one years before the revised statutes took effect, and such it has been ever since. It is too clear to admit of doubt; and it is founded upon the obvious policy of preventing affrays and violence from the attempts of parties to take the law into their &wn hands.
It was objected, in the argument for the defendants, that *269 the Rev. Sts. c. 113, § 15, on which this action is founded, authorize an action only where “ beasts lawfully distrained ” are rescued; and that when it is declared, in § 16, that the defendant, in any action brought for rescuing beasts distrained, shall not be allowed to show that the distress was illegal, the meaning is the same as in § 15, to wit, beasts lawfully distrained. If this were so, the provision would be nugatory and absurd ; for it would then be, that a defendant shall not show that a lawful distress was unlawful. The word “ lawfully ” is omitted in § 16, and the defendant is estopped from showing that an action founded on § 15 is not for rescuing beasts lawfully distrained.
T. G. Coffin, for the defendants.
H. G. O. Colby, for the plaintiffs.
The exceptions are overruled, and the damages will be assessed by the court. If the parties agree upon the number of sheep that were rescued, no further evidence will be required. Otherwise, the number must be proved by witnesses. When agreed on or proved, the plaintiffs will be entitled to judgment for ten cents per head for ten sheep, and five cents per head for all above that number. Rev. Sts. c. 113, § 2.